JIMMY SONG AND CHIEN-YEN CHE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Song v. Commissioner
Docket No. 25259-93.
United States Tax Court
T.C. Memo 1995-446; 1995 Tax Ct. Memo LEXIS 446; 70 T.C.M. (CCH) 745; September 21, 1995, Filed *446 Decision will be entered for respondent. Michael M. Gill, for petitioners. Glorianne Gooding-Jones, for respondent. CHIECHI, Judge CHIECHI
MEMORANDUM FINDINGS OF FACT AND OPINION CHIECHI, Judge: Respondent determined a deficiency in petitioners' Federal income tax and an accuracy-related penalty under section 6662(a)[1] for taxable year 1990 in the amounts of $ 16,754 and $ 3,351, respectively. The Court granted respondent's motion to dismiss this case for lack of prosecution as to petitioner Jimmy Song. Consequently, all references hereinafter to petitioner shall be to petitioner Chien-Yen Che. The issues remaining for decision are: (1) Is petitioner entitled to deduct for 1990 mortgage loan interest with respect to certain real property? We hold that she is not. (2) Is petitioner liable for 1990 for the accuracy-related penalty under section *447 6662(a)? We hold that she is. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Diamond Bar, California, at the time the petition was filed. Petitioner married Jimmy Song in late 1988 or January 1989, resided with him throughout 1990, and separated from him in January or February 1991. In or about March 1989, approximately $ 50,000 that was received from petitioner's parents who were living in Korea was deposited as a downpayment toward the $ 258,000 purchase price of real property located at 514 South Bellows Court, Diamond Bar, California (South Bellows Court property), and title to that property was placed in the name of petitioner's brother, Chien-Yung Che (petitioner's brother). Petitioner's brother resided at the South Bellows Court property for approximately two months during 1989. Petitioner and her brother signed a handwritten document, entitled "Trust Agreement" and dated February 19, 1989 (February 19, 1989 document or purported trust agreement), that stated as follows: I, Chien-Yung Che, hold the title of the real property located at 514 S. Bellows Ct Diamond BarCalifornia on behalf of my sister, Chien-Yen Che. However, *448 the full responsibility of mortgage payment will solely [sic] on Chien-Yen Che.
During 1990, petitioner's brother, who was a college student majoring in marketing, operated his own retail clothing business. During that year, petitioner's brother was the legal owner of the South Bellows Court property and was indebted to World Savings and Loan Association (World Savings) on the mortgage loan it had made on that property. The only mortgage loan payments on the South Bellows Court property during 1990 were made to World Savings, and the interest portion of such payments totaled $ 21,681.97. Petitioner paid at least $ 18,061.48 to World Savings during 1990 on her brother's mortgage loan on the South Bellows Court property. World Savings sent petitioner's brother a year-end loan statement for 1990 that showed, inter alia, that $ 21,681.97 of interest on the mortgage loan in his name was paid during 1990. Petitioner and Jimmy Song filed a Federal income tax return for 1990 that was signed by "Han Kim, CPA" as return preparer. Petitioner, who listed her occupation in that return as "pharmacist", reported in Schedule E of that return rental income and expenses relating to the South *449 Bellows Court property, including a deduction for mortgage loan interest in the amount of $ 21,681. Petitioner's brother filed a Federal income tax return for 1990 that was also signed by "Han Kim, CPA" as return preparer. Petitioner's brother did not claim a deduction for mortgage loan interest on the South Bellows Court property in his 1990 return. In 1992, the South Bellows Court property was the subject of a foreclosure. Petitioner did not report that foreclosure in the Federal income tax return she filed for 1992 that was signed by an individual other than Han Kim as return preparer. [2] Petitioner's brother did not file a Federal income tax return for 1992. OPINION Petitioner has the burden of showing that the determinations in the notice of deficiency are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are strictly a matter *450 of legislative grace, and petitioner must meet the statutory requirements for the deduction she is claiming. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner attempted to satisfy her burden of proof in this case principally through her testimony, the testimony of her brother, and documentary evidence consisting of the February 19, 1989 document. We found the testimony of both petitioner and her brother to be questionable; their testimony was at times vague, evasive, or internally inconsistent. In addition, petitioner and her brother contradicted each other during their testimony with respect to the alleged reason why they signed the February 19, 1989 document. We are not required to, and we do not, accept their testimony as sustaining petitioner's burden of establishing error in respondent's determinations. See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). *451 South Bellows Court Property
Petitioner contends that she was the beneficial and equitable owner of the South Bellows Court property during 1990 and that, therefore, pursuant to section 1.163-1(b), Income Tax Regs., she is entitled to deduct for 1990 the mortgage loan interest she paid on that property during that year. Respondent contends that petitioner is not entitled to deduct the mortgage loan interest at issue because the mortgage loan was an indebtedness of petitioner's brother, and not petitioner, and the purported trust agreement between petitioner and her brother did not transfer the obligation for payment of the mortgage loan from petitioner's brother to petitioner. Section 163 allows a deduction for certain interest on indebtedness. The indebtedness must, in general, be an obligation of the taxpayer, and not an obligation of another. Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), affg. T.C. Memo. 1976-150; Smith v. Commissioner, 84 T.C. 889, 897 (1985), affd. without published opinion 805 F.2d 1073 (D.C. Cir. 1986); Hynes v. Commissioner, 74 T.C. 1266, 1287 (1980). *452 Section 1.163-1(b), Income Tax Regs., provides in pertinent part: Interest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness.
In Golder v. Commissioner, supra, the Court of Appeals for the Ninth Circuit, to which an appeal in this case would generally lie, had occasion to construe the foregoing regulation on which petitioner relies. The Court of Appeals stated: Reg. section 1.163-1(b) must be read in its proper context, i.e. in light of its parent statute, section 163(a) of the I.R.C.Section 163(a) permits an interest deduction only on the taxpayer's own indebtedness. * * * Reg. section 1.163-1(b) does nothing more than permit the deduction of interest in situations where the taxpayer-borrower is not personally liable on a mortgage of property which is used as security for a loan made to the taxpayer. For example, a taxpayer purchases land paying part of the purchase price in cash and the balance with a non-recourse note secured by a mortgage *453 on the land; there, in the event of default, the creditor may look only to the property. Although the taxpayer is not directly liable on the debt--since the creditor may look only to the pledged property for repayment--Reg. section 1.163-1(b) permits the taxpayer to deduct interest payments since the default affects only the taxpayer and no one else. The taxpayer must pay the interest to avoid foreclosure of his ownership interest in the property. Thus Reg. section 1.163-1(b) does not create an "exception" to the statutory rule of section 163(a) that interest is deductible only with respect to the indebtedness of the taxpayer, but simply recognizes the economic substance of non-recourse borrowing. Reg. section 1.163-1(b) permits the taxpayer-borrower in such cases to deduct the interest on the loan even though the taxpayer is not personally liable on the loan. [Golder v. Commissioner, 604 F.2d at 36; fn. ref. omitted.]
The record establishes that during 1990 petitioner's brother, and not petitioner, (1) was the legal owner of the South Bellows Court property and (2) was indebted to World Savings on the mortgage loan it had made on that property. *454 As noted above, we found the testimony of petitioner and her brother to be questionable. We also question the purported trust agreement that they signed. In this connection, petitioner and her brother gave conflicting testimony as to why the South Bellows Court property was placed in the name of petitioner's brother. Based on our examination of the entire record in this case, we find that petitioner has failed to establish that she was the equitable owner of the South Bellows Court property during 1990 or that she is entitled to deduct for that year the mortgage loan interest she paid on that property. We therefore sustain respondent's determination disallowing the mortgage loan interest deduction on the South Bellows Court property that petitioner claimed in her 1990 return. Accuracy-Related Penalty
Respondent determined that petitioner is liable for 1990 for the accuracy-related penalty under section 6662(a) because her underpayment of tax for that year was due to negligence or disregard of rules or regulations. For purposes of section 6662(a), the term "negligence" includes any failure to make a reasonable attempt to comply with the Internal Revenue Code, and "disregard" *455 includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence has also been defined as a lack of due care or failure to do what a reasonable person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990). The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends upon the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's efforts to assess his or her proper tax liability. Id. Reliance on the advice of a professional, such as an accountant, does not necessarily demonstrate reasonable cause and good faith unless, under all the circumstances, such reliance was *456 reasonable and the taxpayer acted in good faith. Id.
Petitioner claimed that she relied on her return preparer in reporting the mortgage loan interest at issue in her 1990 return. We have reason to question the reliability of petitioner's testimony. She did not call that return preparer as a witness to corroborate her testimony or to explain what information petitioner may have provided him or what advice he may have given her about the reporting of the mortgage loan interest on the South Bellows Court property. On the instant record, we find that petitioner has not established that she acted with reasonable cause and in good faith in deducting the mortgage loan interest at issue. We therefore sustain respondent's determination imposing the accuracy-related penalty on petitioner for 1990. To reflect the foregoing and the concessions of petitioner prior to trial, Decision will be entered for respondent. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The last name of the preparer of petitioner's 1992 return is not legible. His first name and initial are "Stephen H".↩