T.C. Summary Opinion 2002-19


UNITED STATES TAX COURT


HILTON H. HACKLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4924-00S.                    Filed March 1, 2002.


Hilton H. Hackley, pro se.

<u>Angelique M. Neal</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1995 and 1996 of $5,163 and $3,178, respectively, and penalties under section 6663(a) of $2,765 and $1,219, respectively.

After concessions by the parties,[1] the issues remaining for decision are: (1) Whether petitioner is entitled to certain deductions claimed on Schedule A, Itemized Deductions, namely, mortgage interest and real estate taxes; (2) whether petitioner is entitled to dependency exemption deductions; and (3) whether petitioner is entitled to the filing status of head of household for the years in issue.

Background

The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Los Angeles, California.

In 1995 and 1996, petitioner was employed by the Los Angeles

---

[1] Petitioner concedes that he is not entitled to the child care credit claimed of $960 for the 1995 and 1996 tax years. Petitioner further concedes that he is liable for the penalties under sec. 6663(a) with respect to the portion of the underpayment of tax, if any, that results from adjustments made with respect to dependency exemptions, filing status as head of household, and the child care credit for the years in issue. Petitioner concedes that he produced false documentation to support the claimed child care credits for the years in issue.
Respondent concedes that petitioner is not liable for an increased deficiency pursuant to the provisions of sec. 6214 for the 1996 tax year.

County Metropolitan Transportation Authority as a full-time bus operator. Since 1993 petitioner resided at 4431 West 49th Place, Los Angeles (LA residence). The LA residence was purchased in 1993 by Druetta R. Orum (Ms. Orum), petitioner's sister. According to petitioner, he did not qualify for the loan to purchase the LA residence and Ms. Orum "agreed to go in and get the property in her name" and that "it was never intended for her to live there." During the years in issue, petitioner lived alone at the LA residence. Petitioner testified that he did not pay rent to Ms. Orum but made the mortgage payments directly to the lender, Countrywide Home Loans (Countrywide), and also paid for all real estate taxes, homeowner's insurance, repairs, and maintenance of the LA residence. Petitioner and Ms. Orum owned a joint checking account with Fidelity Federal Bank (joint account). All payments for mortgage interest, real estate tax, and insurance on the LA residence were made from the joint account. Petitioner testified that Ms. Orum did not make deposits into the joint account.

According to petitioner, his name is not on the deed of the LA residence, and it is his belief that during the years in issue he could not sell or transfer the property. The deed to the LA property is not a part of the record, and Ms. Orum did not testify at trial.

In 1998, petitioner assumed Ms. Orum's loan to Countrywide.

Based on a letter from Countrywide dated July 13, 1998, Ms. Orum, as seller, was released of any financial obligation arising with the loan.

The LA residence has three bedrooms, a living room, and a dining room.  During the years in issue, petitioner was in a relationship with Regina Kenneth (Ms. Kenneth), which he considered a "common law marriage".  Ms. Kenneth has a daughter from a previous relationship named Varela Kenneth who was a minor during the years in issue.  Samantha Robinson and Alisha Walker, also minors during the years in issue, are petitioner's nieces, whose mothers are petitioner's sisters.  Samantha Robinson, Alisha Walker, and Varela Kenneth (collectively the children) were claimed as dependents on petitioner's 1995 and 1996 Federal income tax returns.  Although petitioner testified that the children stayed with him "off and on" throughout the years in issue, the signed stipulation of facts reflects that the children did not reside with petitioner during any part of the years in issue.

Petitioner testified that during the years in issue, Ms. Kenneth lived at a separate residence and was on drugs.  According to petitioner, Ms. Kenneth was not receiving public assistance during these years.

Alisha Walker and Samantha Robinson were often dropped off at the LA residence, for "two weeks this week.  Maybe one week...

then three weeks." Petitioner, a family member, or petitioner's girlfriend (not Ms. Kenneth), watched the children at petitioner's home or took them to another relative's home for supervision. None of the children was enrolled in school during the years in issue.

Petitioner timely filed his 1995 and 1996 Federal income tax returns as head of household. He also claimed dependency exemption deductions for the children, Schedule A mortgage interest deductions of $9,602 and $8,044 for 1995 and 1996, respectively, and deductions for real estate taxes paid of $2,087 and $2,309 for 1995 and 1996, respectively.

In a notice of deficiency, respondent disallowed petitioner's Schedule A deductions for mortgage interest and real estate taxes on the grounds that petitioner has not shown that the amounts were incurred, or paid, for taxes which qualify as deductions, and that petitioner has not shown that he is legally liable for the mortgage payments. Respondent further disallowed the dependency exemption deductions because petitioner failed to establish that he was entitled to the exemptions. As a result of the disallowance, respondent further determined that petitioner's filing status was single, not head of household.

Schedule A Deductions

Petitioner has the burden of showing that the determinations in the notice of deficiency are erroneous. Rule 142(a); Welch v.

Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and petitioner must meet the statutory requirements for the deduction he is claiming.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[2]

Section 163(a) provides that there shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness.  Section 163(h)(1), however, provides that, in the case of a taxpayer other than a corporation, no deduction shall be allowed for personal interest paid or accrued during the taxable year.  Section 163(h)(2) defines "personal interest" to mean any interest allowable as a deduction other than, inter alia, "any qualified residence interest".  Sec. 163(h)(2)(D).  Thus, qualified residence interest is deductible under section 163(a).

The term "qualified residence interest" is defined, in pertinent part, in section 163(h)(3)(A)(i), as any interest paid or accrued during the taxable year on "acquisition indebtedness with respect to any qualified residence of the taxpayer".  The "indebtedness" for purposes of section 163 must, in general, be an obligation of the taxpayer and not an obligation of another.

---

[2] With respect to Court proceedings arising in connection with examinations commencing after July 22, 1988, under sec. 7491(a) the burden of proof shifts to respondent in specified circumstances.  The record in this case does not establish the date on which the examination of each of petitioner's taxable years at issue began, and neither party contends that sec. 7491(a) applies here.

Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), affg.
T.C. Memo. 1976-150; Smith v. Commissioner, 84 T.C. 889, 897
(1985), affd. without published opinion 805 F.2d 1073 (D.C. Cir.
1986); Hynes v. Commissioner, 74 T.C. 1266, 1287 (1980).
However, the pertinent part of section 1.163-1(b), Income Tax
Regs., provides:

> Interest paid by the taxpayer on a mortgage upon real
> estate of which he is the legal or equitable owner,
> even though the taxpayer is not directly liable upon
> the bond or note secured by such mortgage, may be
> deducted as interest on his indebtedness. * * *

In Golder v. Commissioner, supra, the Court of Appeals for
the Ninth Circuit stated that section 1.163-1(b), Income Tax
Regs., does not create an exception to the rule of section 163(a)
that interest is deductible only with respect to the indebtedness
of the taxpayer but, rather, simply recognizes the economic
substance of nonrecourse borrowing.  Additionally, as required by
section 1.163-1(b), Income Tax Regs., the taxpayer must be the
"legal or equitable owner" of the property.  Where the taxpayer
has not established legal, equitable, or beneficial ownership of
mortgaged property, the courts generally have disallowed the
taxpayer a deduction for the mortgage interest.  Song v.
Commissioner, T.C. Memo. 1995-446; Bonkowski v. Commissioner,
T.C. Memo. 1970-340, affd. 458 F.2d 709 (7th Cir. 1972).

State law determines the nature of property rights, and
Federal law determines the appropriate tax treatment of those

rights. <u>United States v. Natl. Bank of Commerce</u>, 472 U.S. 713, 722 (1985); <u>Blanche v. Commissioner</u>, T.C. Memo. 2001-63. Therefore, whatever rights or interests, if any, petitioner held in the LA property during the years in issue must be determined by applying applicable California law. It is presumed under California law that the owner of legal title is the owner of the full beneficial title. Cal. Evid. Code sec. 662 (2001). This presumption may be rebutted only by clear and convincing proof. <u>Id.</u>

In <u>Uslu v. Commissioner</u>, T.C. Memo. 1997-551, the taxpayers, Mr. and Mrs. Uslu, made mortgage payments on a residence for which legal title was held by Mr. Uslu's brother and sister-in-law. We found in <u>Uslu</u> that the taxpayers "exclusively held the benefits and burdens of ownership", and, therefore, were the equitable and beneficial owners of the residence. However, in <u>Song v. Commissioner</u>, <u>supra</u>, where legal title was held by the taxpayer's brother, we found that the taxpayer failed to prove that she had any equitable or beneficial ownership in the residence.

An important distinction between <u>Uslu</u> and <u>Song</u> was the completeness of the record and the credibility of the legal title holder of the residence: Mr. Uslu's brother and sister-in-law in <u>Uslu</u>, and the taxpayer's brother in <u>Song</u>.

In the instant case, the record establishes that during the

years in issue Ms. Orum, and not petitioner, was (1) the legal owner of the LA property and (2) indebted to Countrywide on the mortgage loan it had made on the property.  Although we find that petitioner may have made mortgage payments, real estate tax payments, and insurance premium payments for the LA residence, there is no objective evidence to persuade us that he had equitable ownership of the LA residence during the years in issue.  The record lacks sufficient evidence, most notably Ms. Orum's testimony, of the purported arrangement with petitioner. Further, petitioner testified that Ms. Orum made no deposits into their joint checking account, where all mortgage, insurance, and real estate tax payments were made.  His testimony, without more, is insufficient.  See Loria v. Commissioner, T.C. Memo. 1995-420 (taxpayer's attempt to establish equitable ownership with his sole testimony is insufficient).

Based upon our examination of the entire record in this case, we find that petitioner failed to establish that he was the equitable owner of the LA property during the years in issue, or that he is entitled to deduct for those years the mortgage loan interest he paid on that property.  We therefore sustain respondent's determination disallowing the mortgage loan interest deductions that petitioner claimed on his 1995 and 1996 returns.

Petitioner claimed Schedule A deductions for real estate taxes paid of $2,087 and $2,309 on his respective 1995 and 1996

returns.  Similar to mortgage interest deductions, real estate taxes are deductible under section 164(a) only by the person on whom the liability is imposed.  Magruder v. Supplee, 316 U.S. 394, 398 (1942); Cramer v. Commissioner, 55 T.C. 1125, 1130 (1971); Manning v. Commissioner, T.C. Memo. 1993-127.  Because we found above that petitioner was not the legal, equitable, or beneficial owner of the LA property, he is also not entitled to Schedule A deductions for real estate taxes paid thereon. Respondent is sustained on this issue.

Dependency Exemption

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent of the taxpayer.  As relevant here, a "dependent" is defined in section 152(a) as an individual "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer".  In order to prevail, petitioner must show by competent evidence:  (1) The total support provided for each individual claimed, and (2) that he provided more than half of such total support.  The amount of total support may be reasonably inferred from competent evidence.  Stafford v. Commissioner, 46 T.C. 515, 518 (1966).  However, where the amount of total support of an individual during the taxable year is not shown, and cannot be reasonably inferred from competent evidence, then it is not possible to conclude that the taxpayer has

contributed more than one-half.  Blanco v. Commissioner, 56 T.C. 512, 515 (1971); Fitzner v. Commissioner, 31 T.C. 1252, 1255 (1959).

The record based solely on petitioner's claimed contributions is incomplete.  Petitioner did not present evidence to reconstruct the dollar amount of the total support for the individuals claimed for the years at issue.  Total support includes, inter alia, the cost of food, clothing, education, household utilities, or home repair expenses necessary to maintain the household in 1995 and 1996.  Smith v. Commissioner, T.C. Memo. 1997-544; sec. 1.152-1(a)(2)(i), Income Tax Regs.  We find petitioner's testimony vague, incomplete, and self-serving. It is well settled that we are not required to accept a taxpayer's self-serving testimony in the absence of corroborating evidence.  Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992).

Furthermore, it is reasonable to infer that the children's respective mothers and fathers may have contributed a modicum amount to their child's total support.  Without the additional amounts petitioner may have received from the children's extended family, we are unable to determine the total support available to each child by all able parties.

By failing to establish the total amount of support provided to the children from all sources, we are unable to conclude that petitioner provided more than one-half of the children's total

support during the years in issue. Therefore, we hold that petitioner is not entitled to section 151 dependency exemption deductions for the 1995 and 1996 tax years.[3] Respondent is sustained on this issue.

Head of Household Status

According to the relevant part of section 2(b), an individual shall be considered a head of household if such individual (1) is not married at the close of the taxable year and (2) maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a stepdaughter or of any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151.

Because the parties stipulated that the children did not reside with petitioner during any part of the years in issue, and because we held above that petitioner is not entitled to a deduction for the children under the provisions of sections 151 and 152, petitioner is not entitled to head of household status. Therefore, respondent is sustained on this issue.

---

[3] It is therefore unnecessary to address whether Varela Kenneth is petitioner's stepdaughter.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.