T.C. Summary Opinion 2011-83

UNITED STATES TAX COURT

JULIE ANN WHEELER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29320-09S.                    Filed July 6, 2011.

Julie Ann Wheeler, pro se.

<u>David M. McCallum</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $2,600 deficiency in petitioner's 2007 Federal income tax on the basis of respondent's partial disallowance of petitioner's claimed itemized deduction for home mortgage interest paid during the taxable year. The issue for decision is whether petitioner is entitled to deduct home mortgage interest in an amount greater than $5,974 for the year in issue.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in North Carolina.

Beginning in 2003 and continuing throughout the year at issue petitioner lived with her boyfriend, Adam Beeman, in a home in Worcester, Massachusetts. Mr. Beeman purchased the home in his individual capacity in 2002 and, until June 2007, was solely liable for the mortgage on the property.

In early February 2003 petitioner moved into the home, and she and Mr. Beeman agreed that petitioner would pay rent in an amount equal to one-half of the monthly mortgage payment. Petitioner paid rent directly to Mr. Beeman and never submitted payment to the mortgage lender directly.

During 2004 Mr. Beeman returned to school after deciding to leave his job.  At that time petitioner and Mr. Beeman agreed that petitioner would assume more responsibility for payment of the mortgage and the couple's remaining bills until Mr. Beeman returned to work.  In October 2006 petitioner and Mr. Beeman had a child together, with whom they shared their home.  At that time the couple decided that Mr. Beeman would become a stay-at-home parent rather than return to the workforce.  As a result of their decision, until June 2007 petitioner continued to be the primary provider for payment of the family's expenses, including the mortgage.  Before June 2007 any amounts that petitioner contributed to the mortgage payments were paid directly to Mr. Beeman, who then paid the mortgage lender.

When petitioner moved into the home, she and Mr. Beeman had discussions regarding their plans to renovate the property. Petitioner and Mr. Beeman made substantial upgrades to the home throughout the time that they lived there.  The renovations began shortly after petitioner moved in and continued through 2007. Some of the more substantial improvements were the installation of wood flooring and a complete remodel of two rooms during early 2007.  Petitioner paid for and performed part of the renovation work conducted on the home.

From 2003 to 2007 petitioner thought it was best that she not be "legally attached on the mortgage", because she and Mr.

Beeman were not married.  Before 2007 petitioner considered all amounts she contributed toward the mortgage to be "rent". However, at some point during 2007 petitioner changed her mind regarding ownership of the home and decided that it would be prudent for her to become an owner.  Petitioner was motivated by her concern that she might take responsibility for payment of Mr. Beeman's obligations and be left without any recourse if the couple were to "split up" or if the home were sold.  Petitioner and Mr. Beeman agreed that petitioner should have property rights in the home because of her contributions toward the mortgage payment, the couple's other expenses, and the improvements to the property.  The informal agreement between petitioner and Mr. Beeman was made orally and never reduced to a writing.  The exact date at which this agreement was reached is unclear, although it necessarily occurred at some point before June 13, 2007, the date on which petitioner's name was added to the mortgage and placed on the deed to the home.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for the taxable year 2007 with the Internal Revenue Service.  On October 13, 2009, respondent issued petitioner a notice of deficiency for the taxable year 2007 in which he determined a $2,600 deficiency in petitioner's Federal income tax.  On her return petitioner claimed a home mortgage interest deduction of $16,358.  Respondent, on the basis of

third-party payor data, allowed petitioner a deduction of only $5,974, which appears to be the amount of interest paid after petitioner acquired title and became liable on the mortgage.  The issue for decision is whether petitioner is entitled to deduct home mortgage interest in an amount greater than $5,974 for the year in issue.

## Discussion

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to the deductions claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  The taxpayer bears the burden of substantiating the amount and purpose of any items claimed as deductions.  Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 163(h)(1) generally disallows a deduction for personal interest.  An exception to this rule is qualified residence interest.  Sec. 163(h)(2)(D).  Qualified residence interest includes interest paid or accrued during the taxable year on acquisition indebtedness.  Sec. 163(h)(3)(A). Acquisition indebtedness means any indebtedness that is incurred in acquiring, constructing, or substantially improving any qualified residence of the taxpayer and is secured by the

residence.  Sec. 163(h)(3)(B)(i).  A qualified residence includes the principal residence of the taxpayer.  Sec. 163(h)(4)(A).

Generally, for interest on a mortgage to be deductible the indebtedness must be an obligation of the taxpayer and not an obligation of another.  Smith v. Commissioner, 84 T.C. 889, 897 (1985), affd. without published opinion 805 F.2d 1073 (D.C. Cir. 1986).  However, section 1.163-1(b), Income Tax Regs., provides: "Interest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness." Where a taxpayer has not established legal, equitable, or beneficial ownership of property, we have disallowed the taxpayer's claimed mortgage interest deduction.  Hynes v. Commissioner, 74 T.C. 1266, 1288 (1980); Song v. Commissioner, T.C. Memo. 1995-446; Bonkowski v. Commissioner, T.C. Memo. 1970-340, affd. 458 F.2d 709 (7th Cir. 1972).

In order for petitioner to be entitled to deduct the home mortgage interest for the portion of 2007 during which she was not actually liable on the mortgage, we must find that she was either a legal or equitable owner of the home at that time.  The Court considers State law to determine the nature of a taxpayer's property rights.  United States v. Natl. Bank of Commerce, 472

U.S. 713, 722 (1985); Aquilino v. United States, 363 U.S. 509, 513 (1960).

I.  Legal Ownership

In Massachusetts the statute of frauds requires that contracts for the purchase and sale of real property be in writing.  Johnson v. Johnson, 946 N.E.2d 157 (Mass. App. Ct. 2011); Belo, LLC v. 175 Olde Canal Drive, LLC, No. 07 MISC 356331 (Mass. Land Ct., Feb. 2, 2010).  Such writing must reasonably identify the essential terms of the purchase contract, such as a description of the property, identification of the parties, the purchase price, and an indication that the transaction is a sale of the property.  Simon v. Simon, 625 N.E.2d 564, 567 (Mass. App. Ct. 1994) (citing Schwanbeck v. Federal-Mogul Corp., 592 N.E.2d 1289, 1294 (Mass. 1992), and Michelson v. Sherman, 39 N.E.2d 633 (Mass. 1942)).  However, the writing requirement may be excused when "detrimental reliance on, or part performance of, an oral agreement to convey property may estop the defendant from pleading the Statute of Frauds as a defense."  Nessralla v. Peck, 532 N.E.2d 685, 688 (Mass. 1989).  Even so, this type of estoppel is not available where a party relies to their detriment on an oral agreement that leaves significant details of the contract unresolved.  See Pappas Indus. Parks, Inc. v. Psarros, 511 N.E.2d 621, 623 (Mass. App. Ct. 1987).

The record does not establish that petitioner was the legal owner of the home before June 2007. Petitioner and Mr. Beeman's agreement was not reduced to a writing that would satisfy the statute of frauds, as is generally necessary for the transfer of an interest in land in Massachusetts. See Johnson v. Johnson, supra. In addition, the doctrine of equitable estoppel is not available to legitimate any oral agreement between petitioner and Mr. Beeman, because there is no evidence in the record that the parties reached agreement on several important details of the contract, including the purchase price and type of ownership interest involved. See Pappas Indus. Parks, Inc. v. Psarros, supra. Furthermore, petitioner acknowledged that before 2007 it was her intention that she not be "legally attached on the mortgage" of Mr. Beeman's home. This intention is consistent with petitioner's decision to remain off the deed and unbound by the terms of the mortgage before her inclusion on them in June 2007. Petitioner has not provided evidence to indicate any change in her position as it relates to legal ownership before that time.

## II. Equitable Ownership

Before the time at which petitioner's name was added to the mortgage, petitioner contends that she and Mr. Beeman had agreed that they would share in any profits if the home were sold. Petitioner claims that this understanding was reached by early

2007 and led to her eventual addition to the mortgage in June of that year. Petitioner's contention is that by paying portions of the mortgage payment throughout the first half of 2007 and by paying for improvements to the home, she gained equitable ownership in the property. Petitioner contends that she and Mr. Beeman reached their agreement on the basis of their understanding that it would be unjust for petitioner to pay a considerable portion of the mortgage but not share in any of the benefits of ownership.

In many States the purchaser of an interest in real property is treated as the equitable owner of real estate from the date the purchase and sale agreement is reached; the rents and profits belong to him and the losses fall on him. Laurin v. DeCarolis Constr. Co., 363 N.E.2d 675, 677 (Mass. 1977); see Beal v. Attleboro Sav. Bank, 142 N.E. 789, 790 (Mass. 1924). However, Massachusetts has taken a different approach. Under Massachusetts law, where an agreement to transfer an ownership interest in real property exists, the transferor retains the legal title to the property "subject to an equitable obligation to convey" it to the transferee on payment of the purchase money price. Laurin v. DeCarolis Constr. Co., supra at 677. Until the deed is delivered, the vendor bears all the risks of ownership should the property be destroyed. Id. at 678; Libman v. Levenson, 128 N.E. 13, 13-14 (Mass. 1920). He also has the

exclusive right to possession of the property and the right to its rents and profits. Beal v. Attleboro Sav. Bank, supra at 790-791. Thus, the rights of the purchaser are merely contract rights and do not amount to the rights of an ownership interest in real property. Laurin v. DeCarolis Constr. Co., supra at 677.

On the record before us, we find that petitioner does not have an equitable ownership interest in the home under Massachusetts law. Even if we were to assume that the vague and undefined agreement between petitioner and Mr. Beeman regarding her interest in the home amounted to a valid contractual agreement for the transfer of an interest in real property under Massachusetts law, it would be insufficient to confer an equitable interest upon petitioner. This is because even after a purchase agreement is reached, the title to real property remains with the seller and he retains all of the benefits and burdens associated with ownership until the point at which the deed is actually delivered and the purchase money paid. Id. at 677-678. Here, the deed was not delivered until petitioner was added to it in June, and it is uncertain that any definite purchase price was ever agreed upon so that it could have been paid. Therefore, under Massachusetts law, equitable ownership of the home remained solely in the hands of Mr. Beeman before petitioner's possession of the deed and inclusion on the mortgage.

In addition to State law, this Court also considers certain factors to determine whether a taxpayer is an equitable or beneficial owner of property, including whether the taxpayer: (1) Has a right to possess the property and to enjoy the use, rents, or profits thereof; (2) has a duty to maintain the property; (3) is responsible for insuring the property; (4) bears the property's risk of loss; (5) is obligated to pay the property's taxes, assessments, or charges; (6) has the right to improve the property without the owner's consent; and (7) has the right to obtain legal title at any time by paying the balance of the purchase price. Blanche v. Commissioner, T.C. Memo. 2001-63, affd. 33 Fed. Appx. 704 (5th Cir. 2002).

Several of these factors weigh against petitioner for the period before her addition to the mortgage. Specifically, petitioner did not have legal right to any rents or profits from the home, nor did she bear any of the risk of loss associated with it. Furthermore, petitioner has not shown that she was legally responsible for insuring the property or paying any taxes, assessments, or charges. There is also no indication that petitioner had the right to obtain legal title by paying the balance of the purchase price. Accordingly, we find that petitioner was not an equitable owner of the home before her name

was added to the mortgage and deed in June 2007 and sustain

respondent's determination in the notice of deficiency.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.