T.C. Summary Opinion 2016-33

UNITED STATES TAX COURT

JAMES DAVID JACKSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 7255-14S, 11512-15S.          Filed July 5, 2016.

James David Jackson, pro se.

<u>Rollin George Thorley</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  These consolidated cases were heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in effect when the
petition was filed.[1]  Pursuant to section 7463(b), the decisions to be entered are not

_____

[1]These cases were consolidated for purposes of trial, briefing, and opinion.

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $3,104 and $2,119 in petitioner's Federal income tax for 2011 and 2012, respectively (years in issue). Petitioner filed timely petitions for redetermination with the Court pursuant to section 6213(a). At the time the petitions were filed, petitioner resided in Nevada.

The issue for decision is whether petitioner is entitled to deductions for qualified residence interest that he claimed on Schedules A, Itemized Deductions, for the years in issue.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

## I. The Mortgaged Property

During the years in issue petitioner lived with his girlfriend, Julie Furney, in a residence in Nevada that she had purchased in 2005. Ms. Furney had financed the purchase of the residence with a mortgage provided by Countrywide Financial

---

[1](...continued)
Unless otherwise indicated, section references are to the Internal Revenue Code, as amended and in effect for 2011 and 2012, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

(a mortgage lender subsequently acquired by Bank of America). She is listed as the sole owner on the deed to the property and as the only person responsible on the mortgage. Petitioner was not able to join Ms. Furney in obtaining a mortgage on the residence in 2005 because of personal debt problems. Nevertheless, he maintains that he and Ms. Furney are "domestic partners" and, as such, share equal ownership of the residence.

Petitioner further testified that during the years in issue he transferred $1,000 in cash to Ms. Furney each month to make "interest-only" mortgage payments on the residence. Although he explained that he always paid Ms. Furney in cash to avoid bank fees, he did not produce any objective evidence, such as records or receipts, to show that he transferred any amounts to Ms. Furney.

Petitioner did not call Ms. Furney as a witness. He testified that Ms. Furney pays all homeowners insurance premiums and property taxes assessed on the residence and that he shares all maintenance costs with her. The record includes a copy of a letter from Ms. Furney to respondent's counsel, dated April 7, 2015, stating in pertinent part that petitioner "has paid the amount of $1,000 per month on the Mortgage payment * * * for the past 10 years". Although the parties agree that Bank of America issued Forms 1098, Mortgage Interest Statement, to Ms.

Furney for the years in issue, showing that she paid interest of $13,794 in both years, those forms were not made part of the record.

## II. Petitioner's Tax Returns

Petitioner filed Forms 1040, U.S. Individual Income Tax Return, for 2011 and 2012, reporting wages of $39,392 and $33,022, respectively. On Schedules A attached to his tax returns he claimed matching mortgage interest deductions of $15,720.

## III. Notices of Deficiency

Respondent issued notices of deficiency to petitioner for the years in issue disallowing for lack of substantiation the mortgage interest deductions that he had claimed. Respondent determined that the deductions claimed did not match amounts reported on Forms 1098.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Tax deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial

Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).

Under certain circumstances, the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests. Therefore, the burden does not shift to respondent under section 7491(a). See Higbee v. Commissioner, 116 T.C. 438, 442-443 (2001).

In general, section 163(h)(3) and (4) allows a deduction for interest paid or accrued on certain indebtedness, including acquisition indebtedness on a qualified residence. The acquisition indebtedness generally must be an obligation of the taxpayer and not an obligation of another.[2] See Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), aff'g T.C. Memo. 1976-150; Hynes v. Commissioner, 74

---

[2]We assume without deciding that the mortgage in question constitutes acquisition indebtedness on a qualified residence.

T.C. 1266, 1287 (1980). Section 1.163-1(b), Income Tax Regs., provides in relevant part, however, that "[i]nterest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness."

Thus, if the taxpayer can establish legal, equitable, or beneficial ownership of mortgaged property, the taxpayer may be entitled to a deduction for qualified residence interest. In Uslu v. Commissioner, T.C. Memo. 1997-551, for example, the taxpayers could not qualify for a mortgage loan because of a recent bankruptcy. Consequently, the taxpayer husband and his brother agreed that the brother would obtain the loan for the property and the taxpayers would pay the mortgage and all other expenses for maintenance and improvements. The Court held that although the taxpayers did not hold legal title to the property, they were the equitable owners and were entitled to deduct mortgage interest they paid with respect to the property. The Court reached a similar result in Trans v. Commissioner, T.C. Memo. 1999-233.

In contrast, where the taxpayer is unable to establish legal, equitable, or beneficial ownership of mortgaged property, this Court has disallowed the taxpayer a mortgage interest deduction. See Daya v. Commissioner, T.C. Memo.

2000-360; Song v. Commissioner, T.C. Memo. 1995-446; Bonkowski v. Commissioner, T.C. Memo. 1970-340, aff'd, 458 F.2d 709 (7th Cir. 1972).

Petitioner had no legal obligation to make mortgage payments on the residence, nor did he hold legal title to the property in 2011 or 2012. To prevail, he was obliged to establish that he paid the mortgage interest and that he held beneficial or equitable ownership of the residence during the years in issue. As explained below, he failed to show either.

State law determines the nature of property rights, and Federal law determines the tax consequences of those rights. United States v. Nat'l Bank of Commerce, 472 U.S. 713, 722 (1985); Blanche v. Commissioner, T.C. Memo. 2001-63, aff'd, 33 F. App'x 704 (5th Cir. 2002). The Supreme Court of Nevada recognizes that unmarried cohabiting adults may expressly or impliedly agree to hold property as though it were community property. See W. States Constr., Inc. v. Michoff, 840 P.2d 1220, 1224 (Nev. 1992). In Hay v. Hay, 678 P.2d 672, 674 (Nev. 1984), the court cited with approval the holding in Marvin v. Marvin, 557 P.2d 106 (Cal. 1976), that courts should enforce express or implied contracts between nonmarital partners.

This Court has long recognized that a taxpayer may become the equitable owner of property when he or she assumes the benefits and burdens of ownership.

See, e.g., Baird v. Commissioner, 68 T.C. 115, 124 (1977). In determining whether a taxpayer possesses any of the benefits and burdens of ownership of property, the Court considers whether the taxpayer: (1) has the right to possess the property and to enjoy its use, rents, or profits; (2) has a duty to maintain the property; (3) is responsible for insuring the property; (4) bears the property's risk of loss; (5) is obligated to pay the property's taxes, assessments, or charges; (6) has the right to improve the property without the owner's consent; and (7) has the right to obtain legal title at any time by paying the balance of the purchase price. See Blanche v. Commissioner, T.C. Memo. 2001-63; Uslu v. Commissioner, T.C. Memo. 1997-551.

Petitioner did not provide any objective evidence that he paid the mortgage interest in issue or that he was the equitable or beneficial owner of the property in question. He did not produce any bank statements, receipts, or similar records to show that he transferred any amounts to Ms. Furney to pay the mortgage or other expenses related to the residence.[3] Petitioner testified that Ms. Furney paid all of the homeowners insurance premiums and property taxes on the residence. There was no showing that petitioner could make improvements to the property without

_____

[3]It is worth noting that the amounts petitioner claimed as mortgage interest deductions for the years in issue exceeded by more than $3,000 the total of the monthly amounts that he purportedly transferred to Ms. Furney.

Ms. Furney's consent or that he could obtain legal title to the property by paying the balance due on the mortgage.

Considering the shared ownership arrangement that petitioner described, one would reasonably expect that petitioner and Ms. Furney would have committed the terms of their agreement regarding ownership of the residence to writing. Yet the record is bare of any written statement of their respective rights to possess the property or to share in the benefits and burdens of ownership. Because she held legal title to the residence and was the sole mortgagee, Ms. Furney's testimony would have been highly relevant to the question whether she and petitioner had agreed (expressly or impliedly) that he would hold an interest in the property (akin to that of a community property interest). See W. States Constr., Inc., 840 P.2d at 1224. Despite ample advance notice of the trial date and the Court's considerable flexibility in scheduling the trial in these cases, Ms. Furney did not appear as a witness. Under the circumstances, we give no weight to Ms. Furney's April 2015 letter to respondent's counsel related to petitioner's history of transferring funds to her.

The only evidence remaining in support of petitioner's position was his own testimony, which is unsubstantiated and unconvincing. We are not required to

accept such testimony, and we decline to do so.  See Cluck v. Commissioner, 105 T.C. 324, 338 (1995).

In sum, we conclude that petitioner failed to show that he paid any mortgage interest in the years in issue or that he held any ownership interest in the residence. Consequently, we sustain respondent's determination disallowing the mortgage interest deductions that petitioner claimed for the years in issue.

To reflect the foregoing,

Decisions will be entered

for respondent.