**Lloyd W. GOLDER, Jr. and Esther Golder, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 77–1542.

United States Court of Appeals, Ninth Circuit.

June 22, 1979.

Rehearing Denied Sept. 20, 1979.

G. Eugene Isaak (argued), of Miller, Pitt & Feldman, P. C., Tucson, Ariz., on brief, for appellants.

Myron C. Baum, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., on brief; Jonathan S. Cohen, Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before DUNIWAY and WALLACE, Circuit Judges, and BLUMENFELD,* District Judge.

BLUMENFELD, District Judge:

Taxpayers, Lloyd and Esther Golder, appeal the decision of the United States Tax Court which held that they could not deduct as interest under section 163(a) of the Internal Revenue Code of 1954 (I.R.C.) payments they made as guarantors of corporate obli-

---

* Hon. M. Joseph Blumenfeld, Senior United States District Judge for the District of Connecticut, sitting by designation.

gations of their closely-held corporation. We affirm.

## Facts

The Golders (hereinafter taxpayers) were majority shareholders in a cattle ranch known as Rancho Vistoso, Inc. (hereinafter Rancho Vistoso). Mr. Golder was president of the corporation and a member of its board of directors, and Mrs. Golder was secretary-treasurer and also a member of the board of directors. On June 19, 1965, Rancho Vistoso borrowed $1,500,000 from the Sixty Trust (hereinafter Trust) at an interest rate of 10 percent per annum. The proceeds from the loan were to pay off pre-existing loans from third parties, to finance operations of Rancho Vistoso, and to assist the taxpayers' son in building a dam on recreation land.

As evidence of the loan, Rancho Vistoso executed four promissory notes secured by mortgages on all real property owned by the corporation at the value of between $1,250,000 and $1,500,000. In addition to the mortgages executed by Rancho Vistoso, the Trust required the taxpayers and others, in their individual capacities, to execute an agreement entitled "Guaranty," under which all co-signers thereof became jointly and severally liable for payment of the outstanding indebtedness on the notes executed by Rancho Vistoso in the event of its default in payment. To secure their promises under the "Guaranty," the taxpayers executed mortgages on real property owned by them of the value of approximately $1,000,000.

In both 1966 and 1967, Rancho Vistoso failed to make interest payments due on the loans to the Trust in the amounts of $132,-945 and $45,203, respectively, whereupon the taxpayers made the payments and deducted said amounts on their respective 1966 and 1967 joint income tax returns. Those interest deductions were disallowed by the Commissioner of Internal Revenue on the ground that the interest paid was interest on the debt of another, and not deductible under section 163. The Tax Court upheld the Commissioner. T.C. Mem. 1976–150.

## Discussion

Section 163(a) of the I.R.C. allows a deduction for "interest paid or accrued . . . on indebtedness." Here, a closely-held corporation borrowed funds from a trust and posted collateral in the approximate amount of the loan. As additional security for the loan, the taxpayers executed an agreement of guaranty, mortgaging their own real property as security under the guaranty. In 1966 and 1967, the corporation found itself without sufficient liquid assets to pay the interest on its loan, whereupon the taxpayers made the payments under their guaranty.

It has long been established that for interest to be deductible under section 163(a), the interest must be on the taxpayer's own indebtedness, not the indebtedness of another. *E. g., Nelson v. Commissioner*, 281 F.2d 1, 5 (5th Cir. 1960); *Rushing v. Commissioner*, 58 T.C. 996, 1000 (1972); *see Eskimo Pie Corp. v. Commissioner*, 4 T.C. 669, 675–76 (1945), *aff'd*, 153 F.2d 301 (3d Cir. 1946). Under the above well-settled principle, the Tax Court correctly ruled that the taxpayers were not entitled to an interest deduction under section 163(a) because the interest payments made by the taxpayers-guarantors were not on their own indebtedness, but rather on the indebtedness of the primary obligor, Rancho Vistoso. Taxpayers did not borrow funds from the Trust; Rancho Vistoso did. Taxpayers' subsequent payment was not for the use or forebearance of money loaned or advanced to *them*.

Taxpayers do not challenge the Tax Court's conclusion that they were not directly liable on the Rancho Vistoso indebtedness. Nor do they dispute that a deduction for interest under section 163 cannot ordinarily be taken unless the interest was owed on the indebtedness of the taxpayer. They argue, however, that Treasury Regulation section 1.163–1(b) creates an "exception" to this rule which would entitle them to deduct the payments they made as guarantors of the corporate obligation. Treasury Reg. section 1.163–1(b) provides:

"Interest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness. . . ."

Taxpayers argue that while it is the intention of I.R.C. section 163(a) to deny an interest deduction where the taxpayer's liability is secondary or indirect, Treasury Reg. section 1.163–1(b) creates an exception to this rule where the secondary liability is secured by a mortgage on the taxpayer's real estate. We do not agree. Reg. section 1.163–1(b) must be read in its proper context, i. e. in light of its parent statute, section 163(a) of the I.R.C. Section 163(a) permits an interest deduction only on the taxpayer's own indebtedness. *See* cases cited *supra*. Reg. section 1.163–1(b) does nothing more than permit the deduction of interest in situations where the taxpayer-borrower is not personally liable on a mortgage of property which is used as security for a *loan made to the taxpayer*. For example, a taxpayer purchases land paying part of the purchase price in cash and the balance with a non-recourse note secured by a mortgage on the land; there, in the event of default, the creditor may look only to the property. Although the taxpayer is not directly liable on the debt—since the creditor may look only to the pledged property for repayment—Reg. section 1.163–1(b) permits the taxpayer to deduct interest payments since the default affects only the taxpayer and no one else. The taxpayer must pay the interest to avoid foreclosure of his ownership interest in the property. Thus Reg. section 1.163–1(b) does not create an "exception" to the statutory rule of section 163(a) that interest is deductible only with respect to the indebtedness of the taxpayer, but simply recognizes the economic substance of non-recourse borrowing. Reg. section 1.163–1(b) permits the taxpayer-borrower in such cases to deduct the interest on the loan even though the taxpayer is not personally liable on the loan.[1]

In the instant case, taxpayers' guaranty did not transform the corporate debt into the taxpayers' debt. As security for the performance of their guaranty, taxpayers mortgaged their separate real estate to the Trust, which still did not make the corporate debt taxpayers', nor cause any additional debt to arise that could be deemed taxpayers'. Since the interest on the corporate debt, which the taxpayers paid as guarantors, was not interest on the taxpayers' own indebtedness, it was not deductible under section 163(a) of the I.R.C.

The decision of the Tax Court is AFFIRMED.

---

1. Taxpayers cite *New McDermott, Inc.,* 44 B.T.A. 1035 (1941), for the proposition that they need not be the borrowers in order to deduct interest payments under I.R.C. section 163. That decision is not helpful to their case. In *New McDermott,* the taxpayer received property subject to a mortgage which the taxpayer did not assume until after the taxable year, so that the taxpayer was not directly liable thereon. The court held, under the predecessor regulation identical to Reg. section 1.163–1(b), that the interest paid by the taxpayer was deductible. The court reasoned as follows:

"The mortgage indebtedness is a lien on the property of which petitioner is the legal owner and upon which petitioner must necessarily rely for its source of income. Petitioner's whole reason for being would be negatived if the mortgage were foreclosed and the property sold to satisfy the mortgage. Interest accrued on the mortgage is interest on *petitioner's indebtedness* in spite of the fact that petitioner was not primarily liable on the mortgage." *Id.* at 1040–41 (emphasis added). As is clear from the above quotation, unlike the present case, the indebtedness upon which interest was paid in *New McDermott* was considered to be the taxpayer's *own* indebtedness. In the instant case the indebtedness was the corporation's, and the taxpayers merely guaranteed that corporate obligation.