BRUCE D. LORIA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Loria v. Commissioner
Docket No. 18402-92.
United States Tax Court
T.C. Memo 1995-420; 1995 Tax Ct. Memo LEXIS 423; 70 T.C.M. (CCH) 553; August 28, 1995, Filed *423 Decision will be entered under Rule 155. Bruce D. Loria, pro se. Linette B. Angelastro, Howard Rosenblatt, and Jayne M. Wessels for respondent. CHIECHI, Judge CHIECHI
MEMORANDUM FINDINGS OF FACT AND OPINION CHIECHI, Judge: Respondent determined a deficiency in petitioner's Federal income tax and an accuracy-related penalty under section 6662(a)[1] for taxable year 1989 in the amounts of $ 11,036 and $ 2,207, respectively. The issues remaining for decision are: (1) Is petitioner entitled to deduct for 1989 mortgage loan interest, mortgage loan points, and real property taxes with respect to certain real property? We hold that he is not. (2) Is petitioner entitled to deduct for 1989 personal interest? We hold that he is not. (3) Is petitioner entitled to deduct for 1989 unreimbursed employee expenses in an amount greater than that allowed by respondent? *424 We hold that he is not. (4) Is petitioner entitled to deduct for 1989 tax return preparation fees? We hold that he is not. (5) Is petitioner liable for 1989 for the accuracy-related penalty under section 6662(a)? We hold that he is. FINDINGS OF FACT Some of the facts have been stipulated and are so found. [2]
At the time the petition was filed and throughout 1989, petitioner resided at 22314 Runnymede, Canoga Park, California (Runnymede property). Runnymede Property
Because petitioner did not have adequate credit to purchase the Runnymede property in his own name, his brother Gregg Loria purchased it in 1985. During 1989, Gregg Loria, and not petitioner, *425 was the legal owner of the Runnymede property and was indebted to Freedom Federal Savings Loan (Freedom Federal) on the mortgage loan it had made on that property. The only mortgage loan payments on the Runnymede property during 1989 were made to Freedom Federal, and the interest portion of such payments totaled $ 13,575.40. Petitioner paid at least $ 13,270.02 to Freedom Federal during 1989 on Gregg Loria's mortgage loan on the Runnymede property. Freedom Federal sent Gregg Loria an annual tax and interest statement (a substitute Form 1098) for 1989 that showed, inter alia, that $ 13,575.40 of interest on the mortgage loan in his name was paid during 1989 and reported to the Internal Revenue Service. Prior to December 18, 1989, petitioner was not obligated to make mortgage or trust deed payments on the Runnymede property. On that date, petitioner and his brother obtained a 30-year mortgage loan for $ 129,000 from Wells Fargo Bank (Wells Fargo), which was secured by the Runnymede property. The first payment under the Wells Fargo mortgage loan was not due until February 1, 1990. Unreimbursed Employee Expenses
During 1989, petitioner's employer had a policy in effect regarding *426 reimbursement of employee business expenses. Pursuant to that policy, employees were not reimbursed for automobile mileage or entertainment expenses unless such expenses were specifically approved by the employer's vice president of sales before they were incurred. Notice of Deficiency
In the notice of deficiency (notice) issued to petitioner for 1989, respondent disallowed the following expenses that he had claimed in Schedule A of his 1989 Federal income tax return (Schedule A): Real estate taxes
$ 3,700
Interest
23,404
Home mortgage interest $ 19,175
Deductible points 3,300
Personal interest 4,647
(prior to 80 percent reduction required by section 163(h)(5)  and 163(d)(6)(B))  Miscellaneous (after 2 percent floor
[3] 9,249 in section 67(a))   Unreimbursed employee expenses 10,407
Tax return preparation fees 250
OPINION
*427 Petitioner has the burden of showing that the determinations in the notice are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are strictly a matter of legislative grace, and petitioner must meet the statutory requirements for the deductions he claims. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner attempted to satisfy his burden of proof in this case principally through his testimony. He did not call his brother Gregg Loria or a representative of his employer as a witness.[4] Petitioner's testimony was in large part general, conclusory, and/or uncorroborated. We are not required to, and we do not, accept such testimony as sustaining petitioner's burden of establishing error in respondent's determinations. See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). *428 Claimed Expenses With Respect to the Runnymede Property
As we understand his position, petitioner contends that he is entitled to deduct for 1989 the mortgage loan interest, mortgage loan points, and real property taxes that he claimed in Schedule A because he paid those expenses and lived at the Runnymede property during 1989. Respondent counters that the mortgage loan interest at issue was paid on the indebtedness of petitioner's brother Gregg Loria (viz., the Freedom Federal mortgage loan), and not on the indebtedness of petitioner, and that, consequently, petitioner is not entitled to deduct that interest. [5] Respondent further contends that petitioner has not established his entitlement to deductions for the mortgage loan points and real property taxes at issue. *429 Mortgage Loan Interest and Points
Section 163 allows a deduction for certain interest on indebtedness. The indebtedness must, in general, be an obligation of the taxpayer, and not an obligation of another. Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), affg. T.C. Memo. 1976-150; Smith v. Commissioner, 84 T.C. 889, 897 (1985), affd. without published opinion 805 F.2d 1073 (D.C. Cir. 1986); Hynes v. Commissioner, 74 T.C. 1266, 1287 (1980). Section 1.163-1(b), Income Tax Regs., provides in pertinent part: Interest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness.
The Court of Appeals for the Ninth Circuit to which an appeal in this case would generally lie had occasion to construe the foregoing regulation in Golder v. Commissioner, supra. The Court of Appeals stated: Reg. section 1.163-1(b) *430 must be read in its proper context, i.e. in light of its parent statute, section 163(a) of the I.R.C.Section 163(a) permits an interest deduction only on the taxpayer's own indebtedness. * * * Reg. section 1.163-1(b) does nothing more than permit the deduction of interest in situations where the taxpayer-borrower is not personally liable on a mortgage of property which is used as security for a loan made to the taxpayer. For example, a taxpayer purchases land paying part of the purchase price in cash and the balance with a non-recourse note secured by a mortgage on the land; there, in the event of default, the creditor may look only to the property. Although the taxpayer is not directly liable on the debt -- since the creditor may look only to the pledged property for repayment -- Reg. section 1.163-1(b) permits the taxpayer to deduct interest payments since the default affects only the taxpayer and no one else. The taxpayer must pay the interest to avoid foreclosure of his ownership interest in the property. Thus Reg. section 1.163-1(b) does not create an "exception" to the statutory rule of section 163(a) that interest is deductible only with respect to the indebtedness *431 of the taxpayer, but simply recognizes the economic substance of non-recourse borrowing. Reg. section 1.163-1(b) permits the taxpayer-borrower in such cases to deduct the interest on the loan even though the taxpayer is not personally liable on the loan. [604 F.2d at 36; fn. ref. omitted.]
The record establishes that during 1989 petitioner's brother, and not petitioner, (1) was the legal owner of the Runnymede property and (2) was indebted to Freedom Federal on the mortgage loan it had made on that property. Petitioner has not established that he was the legal or equitable owner of the Runnymede property. Nor has he presented any evidence relating to the mortgage loan points involved herein. On the record before us, we find that petitioner has not established that he is entitled to deduct for 1989 either the mortgage loan interest or the mortgage loan points that are at issue in this case. Real Property Taxes
Section 164 allows a deduction for certain taxes, including real property taxes. Section 1.164-1(a), Income Tax Regs., provides that taxes are generally deductible only by the person on whom they are imposed. Petitioner proffered no evidence *432 showing that the real property taxes at issue were imposed on him by local law. Nor has he presented any evidence, other than his general, conclusory, and uncorroborated testimony on which we are unwilling to rely, that he even paid those taxes. On the record before us, we find that petitioner has not established that he is entitled to deduct for 1989 the real property taxes at issue. Conclusion
Based on the present record, we sustain respondent's determinations that petitioner is not entitled to deduct for 1989 the mortgage loan interest, the mortgage loan points, and the real property taxes that he claimed in Schedule A. Claimed Personal Interest
Petitioner presented no evidence and makes no argument relating to his claimed deduction for 1989 of $ 4,647 (prior to the 80 percent reduction required by section 163(h)(5) and (d)(6)(B)) for personal interest. On the present record, we find that petitioner has not satisfied his burden of showing that respondent erred in determining that he is not entitled to deduct for 1989 the personal interest that he claimed in Schedule A. We therefore sustain that determination. Claimed Unreimbursed Employee Expenses
Petitioner *433 contends that he is entitled to deduct for 1989 unreimbursed employee business expenses consisting of automobile mileage and entertainment expenses in an amount in excess of that allowed by respondent. To support his contention, petitioner testified (1) that he requested reimbursement from his employer for automobile mileage expenses only when he was traveling out- of-town, since his employer did not reimburse him for such expenses unless he traveled out-of-town and (2) that even his out- of-town automobile mileage expenses had to be approved before they were incurred. Petitioner presented no evidence other than his general, conclusory, and uncorroborated testimony that he incurred the expenses in question. Nor did he introduce any evidence or make any argument to show that the claimed employee expenses satisfy the requirements for deductibility imposed by sections 162 and 274. We also note that petitioner's testimony that only his out- of-town automobile mileage expenses, if approved beforehand, were reimbursable by his employer appears to conflict with the statement of his employer's policy regarding reimbursement of employee business expenses (policy statement) that was in effect *434 for 1989 and to which petitioner and respondent stipulated. That policy statement provided in pertinent part that the employer does not reimburse employees for automobile mileage unless it has been specifically approved beforehand by Marty Herman, Vice President of Sales. You are expected to work within these guidelines. As for entertainment-we are a growing company with a sales force of almost one hundred which means our entertainment expenses could skyrocket if not checked closely. Therefore, you must entertain at your own expense at this time unless approved by Mr. Herman.
Thus, contrary to the testimony of petitioner, the policy statement for 1989 authorized reimbursement of automobile mileage expenses, regardless of whether or not they were for out-of-town travel, as well as entertainment expenses, provided that both types of expenses were approved by the vice president of sales before they were incurred. Based on the present record, we find that petitioner has not satisfied his burden of proving that respondent was wrong in determining that he is not entitled to deduct for 1989 the unreimbursed employee expenses he claimed in Schedule A in an amount in excess *435 of the amount she conceded at trial. We therefore sustain that determination except to the extent of the amount respondent conceded at trial. Claimed Tax Return Preparation Fees
The record is devoid of evidence supporting petitioner's claim to a $ 250 deduction for 1989 for tax return preparation fees, other than his general, conclusory, and uncorroborated testimony on which we are unwilling to rely. On the instant record, we find that petitioner has not met his burden of establishing error in respondent's determination that he is not entitled to deduct for 1989 the tax return preparation fees he claimed in Schedule A. We therefore sustain that determination. Accuracy-Related Penalty
Respondent determined that petitioner is liable for 1989 for the accuracy-related penalty under section 6662(a) because his underpayment of tax for that year was due to negligence or disregard of rules or regulations. For purposes of section 6662(a), the term "negligence" includes any failure to make a reasonable attempt to comply with the Internal Revenue Code, and "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence has also been defined as *436 a lack of due care or failure to do what a reasonable person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990). The accuracy-related penalty under 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends upon the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's efforts to assess his or her proper tax liability. Id.
Petitioner presented no evidence and makes no argument regarding the accuracy-related penalty determined by respondent. The record thus provides no basis on which we can find that petitioner was not negligent or that he acted with reasonable cause and in good faith with respect to any portion of the *437 underpayment that respondent determined is subject to the accuracy-related penalty. On the instant record, we sustain respondent's determination that petitioner is liable for 1989 for the accuracy-related penalty with respect to his underpayment of tax for that year. To reflect the foregoing and the agreements of the parties, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On Nov. 9, 1994, respondent filed with the Court a request for admissions, a copy of which she had served on petitioner on Nov. 8, 1994. Petitioner did not file a response to that request within 30 days after it was served on him by respondent. Accordingly, each matter set forth in respondent's request for admissions is deemed admitted pursuant to Rule 90(c).↩
3. At trial, respondent conceded that petitioner is entitled to deduct $ 466 in business expenses (after taking account of the 2 percent floor in sec. 67(a)).↩
4. Petitioner did not file any briefs in this case.↩
5. Respondent does not appear to dispute that if the Freedom Federal mortgage loan had been the indebtedness of petitioner, the interest on that loan would have constituted "qualified residence interest" under sec. 163(h)(2)(D) and (h)(3), and not "personal interest" under sec. 163(h)(2)↩.