T.C. Summary Opinion 2009-124


UNITED STATES TAX COURT


THOMAS A. AND VERNESTER O. JOHNSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 29866-07S.          Filed August 5, 2009.


Thomas A. Johnson and Vernester O. Johnson, pro sese.

<u>Matthew D. Carlson</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule References are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2005 a deficiency in petitioners' Federal income tax of $8,134 and an accuracy-related penalty under section 6662(a) of $1,626.80.

The parties agree that $5,000 of petitioner Vernester O. Johnson's income reported on Form 1099-MISC, Miscellaneous Income, from "Red Gum TIC" is properly reportable on Schedule C, Profit or Loss From Business, rather than as "Wages, salaries, tips, etc." on line 7 of petitioners' return. The issues remaining for decision[1] are whether petitioners are: (1) Entitled to a home mortgage interest deduction; (2) entitled to deduct expenses for supplies and legal and professional services on Schedule C; (3) entitled to charitable contribution deductions; and (4) liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioners resided in California when the petition was filed.

---

[1]Adjustments to petitioners' self-employment income and self-employment income tax deduction are computational and will be resolved consistent with the Court's decision. See secs. 1401, 164(f).

In January 1998 Maury and Pelipa Power, one-third joint tenants, Trenton and Elvia Shultz, one-third joint tenants, and Roman Hernandez and Refugio Perez, one-third joint tenants, granted a deed to property (property) to Diversified Unlimited, Inc., doing business as United Investments (Diversified). Diversified purchased the property subject to a "First note and deed of trust" in favor of Knutson Mortgage Corp. (Knutson) securing a note of $192,758.62.

In January 1998 petitioners entered into an executory contract for the purchase of the property from Diversified. In February 1998 the parties entered into an agreement for the sale of real property by Diversified. According to the latter agreement, petitioners agreed to purchase the property subject to the first note and deed of trust in favor of Knutson. Petitioners also agreed to pay Diversified $15,000 by June 15, 1998. Attached to the sale contract is an affidavit in which petitioners acknowledge "their awareness" that: (a) They are purchasing the property subject to the encumbrance; (b) that Diversified asks that petitioners assume the loan or refinance the property after a 6-month period had expired; and (c) they will be the "owner of title on record" of the property. Diversified subsequently issued to petitioners a "CORPORATION GRANT DEED", and petitioners issued to Diversified a deed of

trust to secure a promissory note for $10,000 in favor of Diversified.

The property was used as petitioners' primary residence. Petitioners provided as evidence of interest payments copies of cashier's checks drawn on Washington Mutual Bank (WaMu) to "Countrywide" or "Countrywide Home Loans":  (a) For $8,709.23 dated February 3, 2005, bearing the handwritten notation "OCT, NOV, DEC, JAN, F [illegible]" (the space showing the remitter is blank); (b) for $2,095.95 dated March 10, 2005, bearing the handwritten notation "FEB" (the remitter is listed as Thomas A. Johnson, Jr.); (c) for $13,491.75 dated July 28, 2005, bearing no notation as to month nor the name of a remitter; and (d) for $4,361.00 dated November 9, 2005, bearing no notation as to month nor the name of a remitter.  Petitioners also provided a copy of a FedEx "tracking update" for a FedEx standard overnight envelope shipped July 28, 2005, by Vanessa Johnson to Countrywide Home Loans.  Petitioners submitted copies of other checks drawn on WaMu that show that they had made payments in 2003 and 2004 to "Guaranty Residential Lending" the last of which, for $2,185.77, was a cashier's check dated November 22, 2004.

Countrywide Home Loans sent a Form 1098, Mortgage Interest Statement, to Maury and Pelipa Power, "Care of Vernester Johnson", reporting paid mortgage interest of $19,457 for 2005.

New Century Mortgage sent petitioners a Form 1098 reporting paid mortgage interest of $2,476.24 for 2005.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioners did not present evidence or argument that they satisfied the requirements of section 7491(a). Therefore, the burden of proof does not shift to respondent.

### Mortgage Interest Deduction

Section 163(a) allows a deduction for interest paid or accrued within the taxable year on indebtedness. The "indebtedness" for purposes of section 163 must, in general, be an obligation of the taxpayer and not an obligation of another. Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), affg. T.C. Memo. 1976-150; Smith v. Commissioner, 84 T.C. 889, 897 (1985), affd. without published opinion 805 F.2d 1073 (D.C. Cir. 1986).

Individuals are allowed a deduction for "qualified residence interest". Sec. 163(h)(2)(D), (3). Qualified residence interest includes interest paid to acquire the principal residence of the

taxpayer or certain indebtedness secured by a personal residence. Sec. 163(h)(3). Respondent, however, argues that petitioners have failed to provide adequate substantiation for their claimed mortgage interest deduction.

Petitioners have not shown that they were directly liable on the mortgages for which they claimed a mortgage interest deduction. In fact, the Form 1098 from Countrywide Home Loans indicates that the mortgage was in the names of former owners of an interest in petitioners' residence, Maury and Pelipa Power. But section 1.163-1(b), Income Tax Regs., provides in pertinent part: "Interest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness."

Respondent did not assert that petitioners were not the beneficial owners of their personal residence, and the evidence shows that they were the legal owners of the property. The Court assumes that the February 3, 2005, cashier's check to Countrywide was for the October, November, and December 2004 mortgage payments and the January 2005 payment, and that about one-fourth of the total was for January 2005 (likely penalty fees would have been included in this apparently late payment). If the January payment is added to the March 10, July 28, and November 9, 2005,

payments, the total approximates the amount for which Countrywide issued its Form 1098. The Form 1098 New Century Mortgage issued reporting $2,476.24 of interest was sent in the name of petitioner Vernester Johnson.

While the financing arrangements of petitioners' home purchase are less than clear, the preponderance of the evidence leads the Court to conclude that petitioners were the legal and equitable owners of the property and did make mortgage interest payments to Countrywide Home Loan and New Century as claimed on their return for 2005.

Schedule C Expenses

Respondent disallowed petitioners' deductions of $8,890 for supplies and $6,500 for legal and professional services because petitioners neither substantiated the expenses nor showed them to be ordinary and necessary expenses paid during 2005 in carrying on a trade or business.

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. Sec. 262. Where a taxpayer has established that he has incurred a trade or business expense, failure to prove the exact amount of the otherwise deductible item may not always be fatal. Generally, unless precluded by section 274, the Court may estimate the

amount of an expense and allow a deduction to that extent. See Finley v. Commissioner, 255 F.2d 128, 133 (10th Cir. 1958), affg. 27 T.C. 413 (1956); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, however, there must be some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, an allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Petitioners claimed the deductions for supplies and legal and professional services as expenses that Thomas Johnson paid in connection with his consulting business. At trial, however, petitioners offered no evidence to substantiate the deductions. Since the Court has no basis on which to estimate the expenses, respondent's determination is sustained.

Charitable Contributions

Respondent disallowed for lack of substantiation petitioners' deduction of $2,800 for cash gifts to charity. Section 170(a)(1) allows a taxpayer to deduct a charitable contribution only if verified under regulations prescribed by the Secretary. The regulations, which require substantiation of the taxpayer's contribution, provide that if a taxpayer makes a charitable contribution of money, the taxpayer shall maintain for each contribution one of the following:

(i) A cancelled check.

(ii) A receipt from the donee charitable organization showing the name of the donee, the date of the contribution, and the amount of the contribution. A letter or other communication from the donee charitable organization acknowledging receipt of a contribution and showing the date and amount of the contribution constitutes a receipt for purposes of this paragraph (a).

(iii) In the absence of a canceled check or receipt from the donee charitable organization, other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution. [Sec. 1.170A-13(a)(1), Income Tax Regs.]

Petitioners allege that their contribution was in cash, and they did not provide a canceled check to substantiate their contribution. Petitioners provided a copy of a letter dated December 27, 2005, from the "Continentals of Omega Boys and Girls Club" (Club) that acknowledged a $2,800 donation but failed to provide a date for petitioners' contribution. The letter was signed by Pelton Stewart, executive director.

Respondent called as a witness Richard Wright (Wright), currently president of the board of directors of the Club. Wright was also president during 2005. Wright's duties as president include reviewing the Club's financial information and selecting and hiring the Club's "chief professional officer" (executive director). Wright identified petitioner Thomas Johnson as having provided volunteer accounting services for the Club and as having known or been a "friend" and possibly a

fraternity brother of Pelton Stewart,[2] the person who signed petitioners' donation letter.

Wright testified that the Club maintained a list of donors on spreadsheets that were updated monthly by a bookkeeper who then provided them to the board. Wright, who brought the records with him to court, testified that neither petitioner was listed as a donor of any amount in 2005. Wright further supplied an example of what a letter to a donor would have looked like in 2005. Wright testified that the letter petitioners supplied as substantiation of their alleged donation differs in several respects from the typical donor letter of 2005 and is not characteristic of a letter that the Club would have sent to a donor in 2005.

The Court finds that petitioners' letter fails to meet the substantiation requirements of section 1.170A-13(a)(1), Income Tax Regs. It is not a receipt as defined by section 1.170A-13(a)(1)(ii), Income Tax Regs., because it does not show the date of the contribution. The letter does not qualify as "other reliable written records" either because it lacks a donation date. In addition, the records of the donee fail to reflect the fairly sizeable donation petitioners claimed and is at variance

---

[2]Wright testified that upon the removal of Pelton Stewart as executive director in 2006, petitioner Thomas Johnson notified Wright by letter that he would no longer serve as a volunteer to the Club.

with the form of letters sent to other donors of similar size donations in 2005.  Accordingly, petitioners are not entitled to the claimed deduction.

Section 6662(a) Accuracy-Related Penalty

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, affd. 378 F.3d 432 (5th Cir. 2004).  In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, supra at 446.

Respondent determined that petitioners are liable for the accuracy-related penalty under section 6662(a) for 2005.  Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax.  See sec. 6662(b)(1) and (2).  "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly.  See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

A "substantial understatement" of income tax exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioners failed to substantiate business expense deductions for supplies and legal and professional services. Petitioners also failed to properly substantiate their cash charitable contributions and to properly report self-employment taxes. They offered no evidence of reasonable cause or good faith with respect to their treatment of these items. The

accuracy-related penalty under section 6662(a) is sustained on account of negligence.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.