T.C. Summary Opinion 2012-17


UNITED STATES TAX COURT


CONRAD Y. EDOSADA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26652-10S.                         Filed February 29, 2012.


Conrad Y. Edosada, pro se.

Matthew D. Carlson, for respondent.

## SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Respondent determined for 2007 a Federal income tax deficiency of $20,640 and an accuracy-related penalty under section 6662(a) of $4,128.  The issues for consideration are: (1) whether petitioner is entitled to a home mortgage interest deduction and (2) whether petitioner is liable for the section 6662(a) accuracy-related penalty.

### Background[2]

Petitioner resided in California when he timely filed his petition.

On October 5, 2005, petitioner's parents, Pat and Mon Ela, purchased a $2.150 million house in Oakland, California (the property).  The Elas and petitioner, however, considered the property to be the family home even though the title and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The stipulation of facts and the attached exhibits are incorporated herein by this reference.

mortgage obligation were not in petitioner's name. Petitioner contributed $70,000 towards the $570,000 downpayment and agreed to be responsible for the mortgage payments on the $1,612,500 loan with the understanding that he would later be given a legal interest in the property. Petitioner moved into the property around January 10, 2007, and resided there for the remainder of the year. From January 23 to December 26, 2007, petitioner made mortgage payments totaling $67,003. The loan had a principal balance of $1,663,410.90 on January 23 and $1,721,110.92 on December 26. Pursuant to their oral agreement with petitioner, the Elas deeded a small percentage of the property to petitioner on December 3, 2007.

Petitioner filed a timely 2007 Form 1040, U.S. Individual Income Tax Return, in which he claimed an $87,003 home mortgage interest deduction. On August 30, 2010, respondent sent petitioner a notice of deficiency denying in full petitioner's home mortgage interest deduction. The notice determined a $20,640 deficiency and a $4,128 section 6662(a) accuracy-related penalty.

Discussion

I. Home Mortgage Interest Deduction

Deductions are a matter of legislative grace, and taxpayers bear the burden of establishing entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v.

Commissioner, 503 U.S. 79, 84 (1992). Taxpayers must maintain records sufficient to allow the Commissioner to determine their correct tax liability. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Additionally, taxpayers bear the burden of substantiating the amount and purpose of each item they claim as a deduction. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam,540 F.2d 821 (5th Cir. 1976).

Section 163(a) allows a deduction for all interest paid or accrued within the taxable year on indebtedness. Section 163(h)(1), however, provides that, in the case of a taxpayer other than a corporation, no deduction is allowed for personal interest. Qualified residence interest is excluded from the definition of personal interest and thus is deductible under section 163(a). See sec. 163(h)(2)(D).

Qualified residence interest is any interest that is paid or accrued during the taxable year on acquisition indebtedness or home equity indebtedness. See sec. 163(h)(3)(A). For any period, the aggregate amount of home acquisition indebtedness may not exceed $1 million, and the aggregate amount of home equity indebtedness may not exceed $100,000. Sec. 163(h)(3)(B)(ii) and (C)(ii).

Acquisition indebtedness is any indebtedness secured by the qualified residence of the taxpayer and incurred in acquiring, constructing, or substantially improving the qualified residence. See sec. 163(h)(3)(B). The indebtedness

generally must be an obligation of the taxpayer and not an obligation of another. See Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), aff'g T.C. Memo. 1976-150. Section 1.163-1(b), Income Tax Regs., however, provides that even if a taxpayer is not directly liable on a mortgage, the taxpayer may nevertheless deduct the mortgage interest paid if he or she is the legal or equitable owner of the property subject to the mortgage.

Petitioner acquired a partial legal interest in the property on December 3, 2007. In order to be entitled to a deduction for mortgage interest payments made before that date, petitioner must show that he had an equitable ownership interest in the property at the time those payments were made.

In determining whether the benefits and burdens of ownership have been transferred to a taxpayer, this Court has often considered whether the taxpayer: (1) has a right to possess the property and to enjoy the use, rents, or profits thereof; (2) has a duty to maintain the property; (3) is responsible for insuring the property; (4) bears the property's risk of loss; (5) is obligated to pay the property's taxes, assessments, or charges; (6) has the right to improve the property without the owner's consent; and (7) has the right to obtain legal title at any time by paying the balance of the purchase price. Blanche v. Commissioner, T.C. Memo. 2001-63, aff'd, 33 Fed. Appx. 704 (5th Cir. 2002).

Petitioner credibly testified that he and his parents considered the property to be the family home. Petitioner, in fact, resided at the property, consistent with his right to possess it and enjoy its use. In addition, petitioner bore a substantial risk of loss because he supplied a significant portion of the downpayment. Petitioner also agreed to be responsible for all of the mortgage payments. On the facts and circumstances of this case, we find that sufficient burdens and benefits of ownership resided with petitioner and that he therefore held an equitable interest in the property at the beginning of 2007.

Petitioner, however, is not entitled to deduct the full amount he claimed on his return. First, the record shows that petitioner made mortgage payments totaling only $67,003. Second, petitioner may deduct only the amount of interest attributable to the first $1.1 million of the loan ($1 million of home acquisition indebtedness and $100,000 of home equity indebtedness). See Rev. Rul. 2010-25, 2010-44 I.R.B. 571. But see Pau v. Commissioner, T.C. Memo. 1997-43. We leave it to the parties, in a Rule 155 computation, to calculate the amount of allowable interest on $1,100,000, because the average balance of the loan for 2007 was $1,692,260.91.

Even though the Elas did not actually reimburse petitioner for any mortgage payments he made, petitioner may deduct the amount that the parties will compute,

even though it may exceed his proportionate share of the mortgage interest.  See

Daya v. Commissioner, T.C. Memo. 2000-360.

II.  Section 6662(a) Penalty

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty of

20% on the portion of an underpayment attributable to negligence, disregard of rules

or regulations, or a substantial understatement of income tax.  Negligence includes

any failure to keep adequate books and records or to substantiate items properly.

Sec. 1.6662-3(b)(1), Income Tax Regs.  Section 6664(c)(1) provides a defense to

the section 6662 penalty for any portion of an underpayment where reasonable

cause existed and the taxpayers acted in good faith.

Petitioner claimed an $87,003 home mortgage interest deduction when he in

fact paid only $67,003 in home mortgage interest.  He also failed to account for the

$1 million limit on home acquisition indebtedness and the $100,000 limit on home

equity indebtedness.  As a result, he understated his income by an amount in excess

of $40,000.  Petitioner has not offered any reasonable cause for the excessive

amount of the deduction claimed and is therefore liable for a section 6662(a) penalty

on the resulting underpayment of tax.

To reflect the foregoing,

Decision will be entered

under Rule 155.