# United States Tax Court

T.C. Summary Opinion 2022-15

ROBERT L. PRESSMAN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 16084-19S.                          Filed August 29, 2022.

————

Robert Pressman, pro se.

*Francesca Chou*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated June 10, 2019, respondent determined a deficiency in petitioner's federal income tax of $14,503 and a section 6662(a) accuracy-related penalty of $2,900.60 for taxable year 2016 (year in issue).

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are:

(1)    whether petitioner is entitled to deduct home mortgage interest of $75,000 for the year in issue; and

(2)    whether petitioner is liable for an accuracy-related penalty under section 6662(a) for the year in issue.

*Background*

Some of the facts have been stipulated and are so found. We incorporate the Stipulation of Facts and the attached exhibits by this reference. The record consists of the Stipulation of Facts with attached Exhibits and petitioner's testimony.

Petitioner resided in California when the Petition was timely filed.

On June 6, 2012, petitioner purchased a home in Southampton, New York. Petitioner titled the Southampton property in the name of his wholly owned corporation, Sambob, Inc. (Sambob). Petitioner, through Sambob, financed the purchase of the Southampton property with a mortgage with Putnam Bridge Funding (Putnam Bridge). Petitioner refinanced the mortgage several times with Putnam Bridge after 2012. The Southampton property was used as petitioner's primary residence until it was sold in 2017.

For the year in issue, petitioner's tax return was prepared by a certified public accountant. On his Schedule A, Itemized Deductions, petitioner claimed an itemized deduction of $75,000 for home mortgage interest.

On June 10, 2019, respondent issued a notice of deficiency disallowing the home mortgage interest deduction and determined that petitioner was liable for an accuracy-related penalty under section 6662(a) and (b)(2) due to a substantial understatement of income tax for the year in issue.

*Discussion*

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a);

*Welch v. Helvering*, 290 U.S. 111, 115 (1933).[2] Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed. *See* Rule 142(a); *Deputy v. du Pont*, 308 U.S. 488, 493 (1940); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). A taxpayer claiming a deduction in a federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. *See* § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); Treas. Reg. § 1.6001-1(a).

I.      *Home Mortgage Interest*

Petitioner deducted home mortgage interest of $75,000 for the year in issue, all of which respondent disallowed.

As a general rule, a taxpayer may claim a deduction for "all interest paid or accrued within the taxable year on indebtedness." § 163(a). However, section 163(h)(1) provides that in the case of a taxpayer other than a corporation, no deduction shall be allowed for "personal interest." "Personal interest" does not include qualified interest paid on acquisition indebtedness or home equity indebtedness with respect to a qualified residence. § 163(h)(2)(D), (3). A qualified residence includes the taxpayer's primary residence and one other home which is used by the taxpayer as a residence (within the meaning of section 280A(d)(1)). § 163(h)(4)(A)(i).

When a taxpayer establishes that he has paid or incurred a deductible expense but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to the extent there is a reasonable basis to support such an estimate. *See Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930).

The parties do not dispute that the Southampton property was petitioner's qualified residence at all relevant times or that the home mortgage interest payments constituted qualified residence interest.

---

[2] Pursuant to section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issues relevant to ascertaining the taxpayer's tax liability. Because petitioner has not alleged or shown that section 7491(a) applies, the burden of proof remains on him.

The parties' disagreement focuses on whether petitioner has adequately substantiated payment of the home mortgage interest payments for the year in issue.[3]

Petitioner has provided limited documentation to show that he paid the claimed $75,000 of home mortgage interest in the year in issue. In support of and in preparation for trial, petitioner produced emails from Putnam Bridge and a handwritten Form 1098, Mortgage Interest Statement. While the emails from Putnam Bridge state that interest was "accrued" and "charged," the emails do not reference actual payments. In addition, neither party could confirm that the handwritten Form 1098, Mortgage Interest Statement, was actually filed by the creditor, Putnam Bridge. The Court is unable to determine from the record when payments were made, from what accounts payments were made, and what amounts were paid. Therefore, the Court does not have a reasonable basis to estimate the amount of expenses.

Accordingly, petitioner is not entitled to deduct home mortgage interest for the year in issue. Respondent's determination is sustained.

II. *Penalty*

Respondent determined that petitioner is liable for an accuracy-related penalty due to a substantial understatement of income tax for the year in issue. Section 6662(a) and (b)(2) impose a 20% accuracy-related penalty on any portion of an underpayment of tax that is attributable to the taxpayer's "substantial understatement of income tax." An understatement of federal income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. § 6662(d)(1)(A).

Respondent bears the burden of production with respect to the imposition of the penalty. *See* § 7491(c); *Higbee v. Commissioner*, 116

---

[3] There is some question as to whether in fact the debt was that of petitioner or of the corporation. Respondent has agreed that the mortgage interest payments constituted qualified residence interest. Respondent did not make a clear argument that this was not petitioner's debt. Accordingly we do not and need not opine on the issue of whether this was in fact petitioner's debt. *See Golder v. Commissioner*, 604 F.2d 34, 35–36 (9th Cir. 1979), *aff'g* T.C. Memo. 1976-150.

T.C. 438, 446–47 (2001). Subject to exceptions not applicable here, section 6751(b)(1) provides that "[n]o penalty shall . . . be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate." Respondent must show compliance with section 6751(b)(1) in order to satisfy his burden of production. *Chai v. Commissioner*, 851 F.3d 190, 221 (2d Cir. 2017), *aff'g in part, rev'g in part* T.C. Memo 2015-42.

Respondent determined that the total income tax due from petitioner was $14,503. This amount exceeded both $5,000 and, alternatively, $1,450.30 (10% of the amount required to be shown on the return). The record also demonstrates that the requisite supervisory approval for the penalty was obtained. Accordingly, respondent met his burden of production with respect to the imposition of the penalty in dispute.

The penalty, however, is not applicable to any part of the underpayment of tax that results from the overstatement of the mortgage interest deduction if petitioner establishes that he acted with reasonable cause and in good faith with respect to that portion. *See* § 6664(c)(1); *Higbee*, 116 T.C. at 448–49. Whether a taxpayer acted with reasonable cause and in good faith is decided on a case-by-case basis, taking into account all pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability, knowledge and experience, and reliance on the advice of a tax professional. Treas. Reg. § 1.6664-4(b)(1).

The record demonstrates that petitioner did not keep adequate books and records or properly substantiate the reported expenses. Consequently, we conclude petitioner has failed to meet the burden of proving that he acted with reasonable cause and in good faith. Accordingly, he is liable for the section 6662(a) accuracy-related penalty due to a substantial understatement of income tax for the year in issue. Respondent's determination is sustained.

We have considered all of petitioner's arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*